# GORDON *v.* GORDON.

(In Banc.   Oct. 28, 1940.   Suggestion of Error Overruled, Dec. 23, 1940.)

[198 So. 287.   No. 34235.]

730

**Sam C. Cook,** of Greenville, for appellant.

**E. S.** and **J. T. Drake**, of Port Gibson, for appellee.

S. L. McLaurin, of Brandon, for appellee.

Argued orally by **Sam C. Cook**, for appellant, and by **J. T. Drake** and **S. L. McLaurin**, for appellee.

**Ethridge, J.,** delivered the opinion of the court.

The appellee, complainant in the court below, filed a bill to cancel the claim of the appellant to a certain property in Port Gibson, Mississippi. She deraigned title through a will executed by Mrs. Joanna Gordon, who then owned the property devised in the will. The provision in the will through which complainant's claim was deraigned, reads as follows: ''I give and bequeath unto my beloved son Charles Addison Gordon, the house in Port Gibson, Mississippi, in which he now resides, with the lot on which it stands, fronting one hundred and fifty feet on Church Street and running back one hundred and fifty feet, for life, and after his death, to his wife, Mary F. Gordon, for life, with remainder to the heirs of the body of said Charles A. Gordon, and in default of them, to his brother and sister or the heirs of his brother and sister. The estate hereby given to the said Mary F. Gordon is a life estate after the death of the said Charles A. Gordon.''

At the time of the execution of the will Charles Addison Gordon was living upon the property described above. On May 14, 1905, Mrs. Joanna Gordon died, leaving as her heirs her three children, Charles Addison Gordon, William Preston Gordon and Margaret Briggs Gordon, the two last named being at that time unmarried. On May 22, 1905, William Preston Gordon and Margaret Briggs Gordon executed a quitclaim deed to Charles Addison Gordon, which, after describing the property conveyed, ended with the following clause: ''Together with all the buildings, tenements and hereditaments thereunto belonging, with all our interest whether present, prospective, or future in reversion or remainder.'' On May 27, 1905, the will was probated.

Charles A. Gordon, on January 1, 1910, executed a deed to his wife, Mary F. Gordon, the appellee, this being a warranty deed undertaking to convey to Mary F. Gordon

the fee simple title to the above-mentioned house and lot. After the execution of the quitclaim deed by William Preston Gordon and Margaret Briggs Gordon, the former married, and to him and his wife a son was born, who is the appellant in this case, defendant in the court below.

William Preston Gordon, son of the testator, died on the 13th day of November, 1917, leaving as his sole heirs-at-law his son, William P. Gordon, and his wife, Josie B. Gordon. Charles A. Gordon died in 1937, without heirs of his body, having no children or descendants. The bill contained this allegation as to Josie B. Gordon, widow of William P. Gordon, who was never made a party to this suit: "That neither said Margaret Briggs Gordon or Josie B. Gordon have ever at any time asserted any interest in said property, said Margaret Briggs Gordon, therein calling herself Margaret B. Gordon, having executed to your complainant, since the death of said Charles Addison Gordon, a further quitclaim deed to said property, which further deed is dated October 15, 1937, is duly acknowledged, and is of record on page 252 of deed book 4-W of the deed records of said county, a copy of which is filed as exhibit 'D' hereto."

The appellant, William P. Gordon, filed his answer, which embraced a demurrer to the bill, in which he admitted the execution of the will and each of the said deeds, but denied the title of the complainant, appellee here; denied that she was entitled to the relief prayed, and set up by way of demurrer that there was no equity on the face of the bill; that the bill affirmatively shows that the complainant was vested only with an estate limited to the term of her natural life; and that the bill shows on its face the lack of a party necessary and essential to the disposition of said cause.

The complainant in the court below, Mary F. Gordon, testified that William P. Gordon was asserting title or

claim in the lands embraced in the will and the deeds, which cast a cloud upon her title, etc.

It appears that William P. Gordon, son of the testatrix, Joanna Gordon, died during the lifetime of Charles A. Gordon, leaving as his heirs-at-law his wife, Josie B. Gordon, and his son, William P. Gordon, the appellant. The Chancellor gave a decree for the complainant in this cause, and canceled the claims of William P. Gordon to said house and lot; from which decree the defendant, William P. Gordon, took this appeal.

It appears from the provision of the will heretofore quoted that there were created two life estates, one in Charles A. Gordon, the other in his wife after his death. Charles A. Gordon having died without heirs of his body, there was no one in whom the fee could vest at his death. Consequently, the latter provisions of the will came into play, and are here presented for construction.

The provision of the will, "and in default of them, to his brother and sister or the heirs of his brother and sister," could not come into play, so as to vest the remainder in Margaret Briggs Gordon and William P. Gordon, son of the testatrix, because William P. Gordon was not then living; and we think the provision for the heirs of the brother and sister clearly meant that if either the brother or sister were dead at the time of Charles A. Gordon's death, the provision would come into play, constituting such heirs purchasers under the will, instead of heirs-at-law. In other words, the claim or right of the appellant is contingent, and would come into play in event he is living at the time of Mary F. Gordon's death, she being the life tenant. That is, the remainder does not become a vested estate until the death of Mary F. Gordon, when the heirs of William P. Gordon, and Margaret B. Gordon, will take as purchasers. If Margaret B. Gordon be living at the death of Mary F. Gordon, her interest would pass to the heirs of Mary F. Gordon; but

if she should die before Mary F. Gordon, then the heirs of Margaret B. Gordon would take as purchasers under the will. Should the appellant be living at the time of appellee's death, his interest would become a vested in-. terest, whereas it is now a contingent interest, and as such a valid claim, recognized in law.

It is contended that the deeds executed by William Preston Gordon and Margaret Briggs Gordon on May 22, 1905, created a fee simple title in Charles A. Gordon, and that such deeds estopped the heirs of William P. Gordon, and Margaret B. Gordon from ever asserting any claim to this property. The will could not be defeated by the quitclaim, or other deeds, from William P. Gordon or Margaret B. Gordon. The appellant did not take his estate as an heir, or by descent from his father, but takes as a purchaser under the will, the word "heirs," being used in the will in this connection, to describe the person who would, at the death of Mary F. Gordon should she survive Charles A. Gordon, become vested in the remainder mentioned. The deeds were ineffective to vest in Charles A. Gordon a fee simple title, or to vest such title in his wife. She has an estate for life only, and did not acquire any title other than for life under the will and the deed. Consequently, the Chancellor was in error in cancelling the claim of William P. Gordon, and in vesting the fee in Mary F. Gordon.

In view of this fact, it is unnecessary now to decide whether Josie B. Gordon, wife of William P. Gordon, was a necessary party to the suit. For the error indicated the judgment will be reversed and the bill dismissed.

Reversed and dismissed.